**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANICE ELAINE SABOL, | : | |
| Plaintiff, | : | Civil Action No. 15-3036 (MAS) |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | **MEMORANDUM OPINION** |
| Defendant. | : | |

This matter comes before the Court upon Janice Elaine Sabol's ("Plaintiff") appeal from the final decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Defendant"), denying her request for benefits. (ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Court remands this matter.

**I.      BACKGROUND**

On April 30, 2015, Plaintiff appealed Defendant's denial of her request for benefits. (ECF No. 1.) On June 16, 2015, Defendant filed an Answer to the Complaint and submitted the Administrative Record. (ECF Nos. 4, 5.) The Court's August 12, 2015 scheduling order ("Order") provided that: (1) Plaintiff must electronically file a statement of her primary contentions or arguments for relief by August 26, 2015; (2) Defendant must file a response by September 23, 2015; (3) Plaintiff must electronically file her moving brief by October 21, 2015; (4) Defendant must file a responsive brief within forty-five days of the moving brief; and (5) Plaintiff may file a reply brief within fifteen days of the responsive brief. (Order 1, ECF No. 7.) The Order also

provided, "**NO ENLARGEMENTS OF TIME WILL BE GRANTED** to comply with any directive in this Order, even with the consent of all parties, barring extraordinary circumstances." (Order 2.)

Local Civil Rule 9.1(e)(6) provides that Defendant's brief "shall contain an argument responding to Plaintiff's argument" and "shall contain a short conclusion stating the relief sought." L. Civ. R. 9.1(e)(6)(B),(C). As set forth above, the Court's Order required Defendant to file a responsive brief within forty-five days of the moving brief and indicated that no enlargements of time would be granted to comply with any of the Order's directives barring extraordinary circumstances. (Order 2.) In addition, the Order provided that if Defendant failed to abide by the opposition deadline directive, it would be deemed to have waived the opportunity to respond. (*Id.*)

Plaintiff timely filed her statement of primary contentions on August 11, 2015, and timely filed her moving brief on October 21, 2015. Defendant failed to file a response to Plaintiff's statement of primary contentions. Defendant also failed to file a responsive brief, request a briefing extension, or raise the issue of extraordinary circumstances. Accordingly, the Court deems the Defendant to have waived the opportunity to respond.

Since Defendant did not file opposition to Plaintiff's application and has been deemed to have waived the opportunity to respond, the Court is not inclined to address each of the errors alleged by Plaintiff. Here, the Court finds that the ALJ's credibility determination with respect to Plaintiff's unemployment benefits was not supported by substantial evidence and shall remand on that ground. Upon remand, Defendant shall consider the additional arguments raised by Plaintiff.[1]

---

[1] Plaintiff also argues that the ALJ erred by: (1) failing to account for Plaintiff's non-severe impairments in formulating Plaintiff's residual functional capacity ("RFC") and failing to arrive at an RFC consistent with full-time work; (2) failing to propose a complete hypothetical to the vocational expert ("VE") and in adding limitations to her RFC that were not considered by the VE; (3) assigning little weight to the opinions of William Biskup, C.R.N.P., Adam Sackstein, M.D.,

## II. **DISCUSSION**

When reviewing the final decision of the Commissioner of the Social Security Administration, a district court "shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). A reviewing court must uphold the final decision of the Commissioner if it is supported by "substantial evidence." 42 U.S.C. § 405(g). For evidence to be deemed "substantial," it must be more than a "mere scintilla" but it may be less than a preponderance. *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

The reviewing court must review the evidence in its entirety. *See Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). As part of the review, the court "must take into account whatever in the record fairly detracts from its weight." *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (internal quotation and citation omitted). Nevertheless, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)). In addition, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

"[W]here there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Id.* In reaching a decision, the ALJ can give credit to portions of the evidence before him, but "cannot reject evidence for no reason

---

Ronald Coughlin, Ed.D, and Dr. Shaw; (4) relying on her own lay observations of Plaintiff in the disability determination; and (5) considering Plaintiff's response to treatments received four years prior to the alleged onset date in determining disability. (Pl.'s Br. 1, ECF No. 8.)

3

or for the wrong reason." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). An ALJ's credibility determination is a finding of fact, which a court is bound by if the finding is "supported by substantial evidence in the record." *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (citation omitted). As to the receipt of unemployment benefits, it is "entirely proper for the ALJ to consider [a claimant's] receipt of unemployment benefits . . . inconsistent with a claim of disability during the same period." *Myers v. Barnhart*, 57 F. App'x 990, 997 (3d Cir. 2003). However, receipt of unemployment benefits should not be "the only reason for the ALJ's credibility assessment." *Id.* The Court of Appeals for the Eighth Circuit has explained:

> A claimant may admit an ability to work by applying for unemployment compensation benefits because such an applicant must hold [her]self out as available, willing and able to work. . . . Because [an unemployment application] necessarily indicates that [an applicant] was able to work, this may be some evidence, though not conclusive, to negate [her] claim that [s]he was disabled.

*Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991) (internal citation omitted). The Court of Appeals for the First Circuit has stated:

> [W]e are reluctant to say that a claimant's decision to hold [herself] out as able to work for the purpose of receiving unemployment benefits may never be considered on the issue of disability. . . . At least where there was medical and vocational evidence supporting the denial of benefits and claimant's receipt of unemployment benefits does not appear to have been the decisive factor in the denial of benefits, we are not inclined to overturn the Secretary's decision.

*Perez v. Sec'y of Health, Educ. and Welfare*, 622 F.2d 1, 3 (1st Cir. 1980) (internal citations omitted).

Plaintiff argues that the ALJ "erred in relying on the mistaken conclusion that the Plaintiff received unemployment benefits after the alleged onset date to find the Plaintiff to be less than fully credible." (Pl.'s Br. 22.) According to Plaintiff, the record reflects that she did not receive

4

unemployment benefits at any time during which she was pursuing disability benefits. (*Id.*) Plaintiff additionally argues that the ALJ failed to address her testimony that her unemployment benefits ended around January 2011, which is consistent with her onset date. (*Id.* at 22-23.)

In her Opinion, the ALJ stated:

> [t]he undersigned notes that the claimant applied for unemployment compensation ostensibly maintaining to one governmental agency that she was able to work while at the same time maintaining that he [sic] was disabled during the same period when she applied for Social Security disability benefits. As a result, the undersigned finds that the claimant's credibility is reduced due to this inconsistency.

(Tr. 34, ECF No. 5-2.)

Here, the ALJ's decision did not indicate that Plaintiff was receiving unemployment benefits during the time-period for which she was claiming disability. The ALJ, nevertheless, found that Plaintiff's credibility was reduced due to "the inconsistency" of "ostensibly maintaining to one governmental agency that she was able to work" and simultaneously "maintaining that [s]he was disabled during the same period." (*Id.*) If the ALJ mistakenly concluded that Plaintiff received unemployment benefits after the alleged onset date and found Plaintiff less credible on that basis, the ALJ erred, as Plaintiff argues. Alternatively, to the extent that the ALJ found Plaintiff less credible based on the date she originally applied for unemployment benefits, the ALJ did not provide adequate analysis for the Court to perform a meaningful review. Notably, access to the ALJ's reasoning is essential to meaningful court review:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s]he has given to obviously probative exhibits, to say that [her] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (internal citation and quotation omitted). Here, the ALJ did not include the date that Plaintiff applied for unemployment benefits. The ALJ also did not tie the unemployment application date to the same time period for which Plaintiff claimed disability and adequately analyze how the unemployment application date related to the alleged disability onset date. After a careful review of the record and the ALJ's decision, the Court cannot find that the ALJ's credibility determination was based on substantial evidence. Accordingly, the Court finds good cause to remand. Upon remand, the ALJ should explain how she arrived at her determinations and specifically provide her reasoning and analysis based on the evidence presented in the record.[2]

### III. CONCLUSION

For the reasons set forth above, the case is remanded for further proceedings consistent with this Memorandum Opinion. An appropriate Order accompanies this Memorandum Opinion.

_____s/ Michael A. Shipp_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 31 2016

---

[2] Upon remand, Defendant will also have the opportunity to consider all of the other errors alleged by Plaintiff and may conduct additional proceedings as it sees fit.